**GARTEISER LAW GROUP, P.C.**
  Randall T. Garteiser (Cal. Bar # 231821)
  randall@glgnow.com
  Christopher A. Honea (Cal. Bar # 232473)
   chris.honea@glgnow.com
44 North San Pedro Road
San Rafael, California 94903
[Tel.] (415) 785-3762
[Fax] (415) 785-3805

**Attorneys for Relator GHJ Holdings, LLC**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Jennifer A. Kash (Cal. Bar No. 203679)
  jenniferkash@quinnemanuel.com
  Kevin A. Smith (Cal. Bar No. 250814)
  kevinsmith@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

**Attorneys for Defendant Bally Gaming, Inc,**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GHJ HOLDINGS, LLC, a Texas limited liability company,<br><br>              Relator,<br><br>       vs.<br><br>BALLY GAMING, INC., a Nevada corporation d/b/a BALLY TECHNOLOGIES,<br><br>              Defendant. | CASE NO. CV-11-2773 JHN (FFMx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff GHJ Holdings, LLC ("GHJ") and Defendant Bally Gaming, Inc. ("Defendant" or "Bally"), through their respective attorneys, hereby stipulate and agree to the entry of this Protective Order in the above-captioned action.

1. GHJ and Bally agree that discovery in this action may involve the disclosure of confidential research, development, commercial, financial, pricing, marketing and other business information that is proprietary and contains trade secrets. GHJ and Bally represent that they keep certain information relating to their products and business confidential and secret because the disclosure of such information to competitors could be damaging. Moreover, one or more of the parties may seek discovery of similar information from non-parties to this action. Unrestricted disclosure of such confidential, proprietary information of a party or non-party could be prejudicial to the interests of the disclosing entity or entities, and accordingly good cause exists for the entry of a Protective Order.

2. This Protective Order shall govern information disclosed during discovery in this action, including but not limited to documents, things, responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, and responses to other discovery demands, as well as any copies, notes, abstracts or summaries of such information. The provisions of this Protective Order shall not affect, and this Protective Order does not limit, the use or admissibility of protected material or references to that material as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that any party may seek an appropriate Court Order to protect such material.

3. A. "Confidential Material" as used in this Protective Order means any trade secrets or other research, development, financial, business, commercial, or marketing information that is non-public and confidential or proprietary, the value of which arises from its secrecy, the disclosure of which, whether separately or in conjunction with other information being disclosed, is believed in good faith by the disclosing party to have the potential for causing competitive harm or giving a competitive advantage to others.

B. The parties submit that the following categories of information that may be discovered under this Protective Order may qualify as trade secrets or some other properly demarcated category of legitimately confidential information, and accordingly may be Confidential Material, regardless of the form such information may take, including without limitation documents, things, responses to requests for production of documents and things, interrogatory answers, deposition testimony, answers to requests for admissions, expert reports, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery.

4. As used in this Protective Order, "trade secret" means information, including but not limited to a formula, pattern, compilation, program, device, method, technique, or process, that is deemed to be a trade secret under the law of the relevant jurisdiction.

5. If discovery is sought from a non-party to this action, the words "party" and "parties" herein shall be read to include that non-party once that non-party informs the parties to this suit in writing or by e-mail that it is invoking the terms of this Protective Order. Any such non-party shall have all the rights and all the responsibilities set forth under this Protective Order, including the responsibilities with respect to any material designated CONFIDENTIAL that it receives. Additionally, any such non-party shall have standing to appear in this action to file motions and oppose motions, as necessary, to protect such non-party's rights in its Confidential Material.

6. Each party, and all other persons bound by the terms of this Protective Order, shall use material designated CONFIDENTIAL by any party other than itself solely for the purpose of this action and not for any other purpose whatsoever.

7. Confidential Material that is produced by a party shall be clearly marked or stamped with the legend "CONFIDENTIAL." Such legend shall be placed on every page of a multi-page document. Such legends need not be placed on the original document of the producing party, but instead may be placed upon copies produced or exchanged. Subject to the exceptions set forth below in this Protective Order, as to each document or portion so marked, the receiving party shall not disclose such document or portion, or the contents thereof, to others unless by specific order of this Court or by written consent of the producing party. All Confidential Material not reduced to documentary or tangible form or which cannot be conveniently designated in the manner set forth above, such as models or electronic files, shall be designated by the producing party by informing the receiving party in writing, and/or by so labeling the media on which electronic files are produced.

8. Interrogatories or the answers thereto, requests for admissions or the responses thereto, motions, briefs, memoranda, correspondence and other documents prepared, produced, and served and/or filed in connection with this action, or portions of the foregoing, containing Confidential Material, or quoting or referring to the substance of any Confidential Material, may be similarly designated or treated as CONFIDENTIAL in accordance with the provisions and procedures of this Protective Order.

9. Any oral or written deposition testimony may be designated CONFIDENTIAL either at the time the testimony is given or, within thirty (30) days following receipt of a transcript, by written notice to the court reporter, with a copy of the notice to counsel for each party to the action, of the specific pages and lines of the transcript that contain Confidential Material. Such written notification shall then be attached by the receiving party and/or the reporter to the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until thirty (30) days following receipt

of the transcript unless receipt of confidentiality designations is received earlier. Deposition exhibits previously designated CONFIDENTIAL need not be re-designated to retain their status as Confidential Material.

10. In the event the producing party elects to produce Confidential Material for inspection, as opposed to, for example, delivering documents or things, no marking need be made by the producing party in advance of the inspection, and all information produced for inspection shall be treated as CONFIDENTIAL during the inspection. Thereafter, upon selection by the inspecting party of specified documents or things for copying, the copies of such documents that contain Confidential Material shall be marked appropriately.

11. Information that becomes available to a party via inspection, measuring, analyzing, or testing of any sample or thing marked CONFIDENTIAL, or which is prepared or derived by utilizing such a sample or thing, shall also be considered to be CONFIDENTIAL.

12. Material marked, labeled or otherwise designated CONFIDENTIAL shall be deemed and treated as CONFIDENTIAL unless and until the Court rules to the contrary. Material designated CONFIDENTIAL may be disclosed by the designating party to any person it chooses. Unless and until the Court rules otherwise, material designated CONFIDENTIAL may be disclosed by the receiving party only to the following persons:

    a. The Court and the Court's staff;

    b. Attorneys employed by the receiving party's law firms of record, and the employees of those law firms who are assisting those attorneys in this action, including employees working in secretarial, clerical or paralegal capacities, as well as outside vendors retained to provide litigation support services to those attorneys;

    c. Court reporters and videographers taking testimony involving Confidential Material and necessary stenographic and clerical personnel thereof;

      d.    Consultants, including independent translators, trial consultants, or experts who are not current employees of a party and their staffs;

      e.    Any person to whom the designating party agrees in writing; and

      f.    Any person to the extent permitted by Court Order.

13. GHJ may disclose material designated by any other party as CONFIDENTIAL to two (2) in-house counsel, or other in-house representatives charged with supervising this litigation.  These GHJ in-house representatives or counsel are: Christopher Honea and Christopher Johns.

14. Defendant Bally may disclose material designated by any other party as CONFIDENTIAL to in-house counsel, or other in-house representatives charged with supervising this litigation.

15. The persons identified in subparagraphs 12.d-e shall not be permitted access to material designated CONFIDENTIAL unless and until they agree in writing to be bound by this Protective Order by signing a confidentiality agreement substantially in the form of Attachment A.  Disclosing outside counsel shall retain the original of all executed confidentiality agreements.  Except as provided in Paragraph 16, copies of executed confidentiality agreements need not be provided until the final termination of this action and then only at the written request of the producing party.

16. The procedure for the disclosure of material designated to the persons described in subparagraph 12.d shall be as follows:

    a.    The party seeking to disclose such information shall, at least five (5) business days before making such disclosure, provide by facsimile or e-mail to counsel for the producing party:

        i.    The name of the person to whom the party seeks to disclose the information;

        ii.    The present employer and title/occupation of the person;

        iii.    A signed, written confidentiality agreement, substantially in the form of Attachment A, by the person that he/she has read this Protective Order, agrees to be bound by its terms, and consents to the jurisdiction of this Court; and

        iv.    in the case of a scientific, economic or legal expert, a current resume or curriculum vitae.

    b.    Within five (5) business days after receipt of the information described in subparagraph 16.a, the producing party may object to the disclosure of material designated CONFIDENTIAL to the proposed recipient. Such objection may be made by serving a written objection by facsimile or e-mail on the party seeking to make disclosure. The disclosing and objecting parties shall meet and confer to try to resolve the objection. If they are unable to do so, the objecting party shall, unless otherwise directed by the Court, file a motion seeking an order that disclosure of information designated CONFIDENTIAL not be permitted. Such motions must be filed and served by facsimile or e-mail within ten (10) business days of service of the disclosing party's written objection; otherwise, the objection is deemed waived. The objecting party shall have the burden of proof.

    c.    During (a) the five (5) business day period for objections, (b) if objection is made, the subsequent ten (10) business day period for filing a motion, (c) if a motion is brought, the pendency of the motion, and (d) until the motion has been resolved by agreement of counsel or by order of the Court allowing disclosure of information designated CONFIDENTIAL, no disclosure of such designated information shall be made to the proposed recipient.

17.    At a deposition, a party may disclose material designated CONFIDENTIAL that it received pursuant to this Protective Order (a) to any officer, director, employee, attorney or agent of the producing party; (b) to any former officer, director, employee, attorney or agent of that producing party provided that (i) the document or thing includes indicia that the former officer,

director, employee, attorney or agent had authored or received it or (ii) a foundation is first laid that the person likely would have had access to Confidential Material in the course of the person's employment or consultancy; or (c) if the producing party permits such disclosure.  Counsel for the producing party shall have the right to exclude from oral depositions any person, other than the deponent, who is not authorized by or under this Protective Order to receive Confidential Material, but such right or exclusion shall be applicable only during periods of examination or testimony directed to or comprising Confidential Material.

18. Should any party have good cause to seal from public view any Confidential Material that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Ninth Circuit case law regarding filing materials under seal.  Further, with regard to sealing material, the party shall follow the procedures set forth in Local Civil Rule 79-5.  Any interested member of the public may challenge any attempt by any party to have documents filed with the Court under seal.  An interested member of the public may make such a challenge by contacting this Court's Clerk and filing an appropriate motion.  If an interested member of the public makes such a challenge, the party who designated the material as Confidential Material shall be allowed to oppose any such challenge.

19. The parties shall limit their CONFIDENTIAL designation solely to information which they in good faith believe to fall within this Protective Order.  No receiving party shall be under any obligation to object to the designation of any document or information as CONFIDENTIAL at the time such designation is made, or at any time thereafter, and no party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

20. Should any material designated CONFIDENTIAL be disclosed through inadvertence by the receiving party to any person not entitled to receive the material,

then there shall be no waiver or loss of confidentiality.  The inadvertently disclosing party shall immediately inform counsel for the producing party of the inadvertent disclosure and provide all known relevant information concerning the nature and circumstances of the disclosure.  The inadvertently disclosing party shall also exercise all reasonable efforts to retrieve any such Confidential Material disclosed to persons not authorized to receive the Confidential Material under this Protective Order and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

21.    If the receiving party objects to the designation of material as CONFIDENTIAL, e.g., the receiving party believes that the material is available in the public domain, such party shall state the objection in writing, which shall be served by hand, facsimile or e-mail on the producing party.  The parties shall endeavor in good faith to resolve the objection on an informal basis before presenting the matter to the Court for resolution.  If the parties are unable to resolve the objection, then the receiving party may file a motion with the Court for an order changing or removing the designation.  If the receiving party files a motion to change or remove the designation, the producing party shall have the burden of showing that the designation is proper.  Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as designated and subject to the terms of this Protective Order.

22.    The inadvertent or unintentional disclosure by the producing party of Confidential Material without having designated the material CONFIDENTIAL shall not be deemed a waiver in whole or in part of such party's claim of confidentiality if written notice is given to the receiving party promptly after the discovery of the inadvertent non-designation.  Within five (5) business days of providing such written notice of inadvertent non-designation, the producing party shall re-produce appropriately designated materials.

23. The inadvertent, unintentional disclosure of a communication or information covered by the attorney-client privilege or work-product immunity that is made in connection with this litigation shall not constitute a waiver of the attorney-client privilege or work-product immunity with respect to that communication or information. If a producing party notifies the receiving party in writing that it inadvertently produced a communication or information that is protected from disclosure by the attorney-client privilege or work-product immunity, the receiving party: (a) shall, within five (5) business days of receiving such a written request, return to the producing party the original and, to the extent practicable, all copies of such documents and things identified by the producing party as being attorney-client privileged or work-product protected; and (b) shall destroy all notes or other work product reflecting the content of such material. The return of any discovery item to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that: (1) the document or thing is not protected by the attorney-client privilege or work-product immunity, or (2) any applicable privilege or immunity has been waived. If such a motion is filed, the producing party shall have the burden of proving that the documents in dispute are the subject of the attorney-client privilege or work-product immunity.

24. The restrictions set forth in this Protective Order shall not apply or shall cease to apply to any material that:

    a. at the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired directly or indirectly from the producing party or from any third party under obligation of confidence to the producing party;

    b. after disclosure hereunder, was acquired by the receiving party from a third party lawfully possessing the same and having no obligation to the producing party hereunder;

      c.    after disclosure hereunder, was developed by the receiving party independently of any Confidential Material obtained from the producing party; or

      d.    after disclosure hereunder, is disclosed to a third party by the producing party without an obligation of confidentiality.

25. Nothing contained in this Protective Order shall be construed to require production of Confidential Material deemed to be privileged or otherwise protected from discovery.

26. Nothing contained in this Protective Order shall be construed to require production of material the disclosure of which would breach an express or implied agreement by the disclosing party with a third party to maintain such information in confidence.

27. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the material CONFIDENTIAL consents to such disclosure, or if the Court orders such disclosure.

28. At the conclusion of this action, including any appeals or petitions for writ of certiorari, the originals of all materials still designated CONFIDENTIAL, and all photocopies thereof, including those provided to outside experts and other third parties, but excluding those provided to the Court, shall, within thirty (30) days of a written request, be returned to the producing party or destroyed, at the election of the producing party, except that neither party nor the Court shall be obliged to return or destroy any materials or any photocopies thereof that were: (a) admitted into evidence at trial or at any hearing; (b) incorporated, as an exhibit, appendix, or otherwise, as part of a document filed with or submitted to the Court; (c) incorporated, as an exhibit, appendix, or otherwise, as part of an expert report; or (d) incorporated, as an exhibit, appendix, or otherwise, into any attorney work product. Written certification of compliance with these post-conclusion requirements shall be

provided to the producing party not later than one hundred twenty (120) days after final termination of this action.

29. The terms of this Protective Order shall survive the final termination of this action to the extent that any Confidential Material is not or does not become publicly available.

30. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

31. Notices under this Protective Order shall be to the parties through their counsel, at counsel's addresses indicated above.

32. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client with respect to this action, and in the course thereof, relying upon an examination of material designated CONFIDENTIAL; provided, however, that in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose any material designated CONFIDENTIAL or the substance of such material to anyone not authorized by this Protective Order to receive such material.

33. This Protective Order is not intended to govern the use of material designated CONFIDENTIAL at the trial of this action. Procedures governing the use of material designated CONFIDENTIAL at trial will, if necessary, be established by separate order, pursuant to application to the Court by one or more of the parties.

34. This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

01799.51848/4237162.3

-12-

35. If another court or an administrative agency subpoenas or orders production of material designated CONFIDENTIAL that a party has obtained under this Protective Order, such party shall promptly notify the designating party of the pendency of such subpoena or order.

36. Each person or entity who receives any material designated CONFIDENTIAL agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

37. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

DATED: August 12, 2011                    /S/ FREDERICK F. MUMM

---

The Honorable Frederick F. Mumm
United States Magistrate Judge

# ATTACHMENT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GHJ HOLDINGS, LLC, a Texas limited liability company,<br><br>    Relator,<br><br>    vs.<br><br>BALLY GAMING, INC., a Nevada corporation d/b/a BALLY TECHNOLOGIES,<br><br>    Defendant. | CASE NO. CV-11-2773 JHN (FFMx)<br><br>**CONFIDENTIALITY UNDERTAKING**<br><br><br>Honorable Jacqueline J. Nguyen |

### Confidentiality Undertaking

I, _____, being duly sworn, state that:

(a) My present residential address is
_____.

(b) My present employer is
_____.

and the address of my present employer is
_____.

(c) My present occupation or job description is
_____.

1  (d) I have received and carefully read the Stipulated Protective Order in
2  the above-captioned case dated _____, 20__. I certify that I
3  understand the terms of that Protective Order, recognize that I am bound by the
4  terms of the Order, and agree to comply with those terms. Further, I understand that
5  unauthorized disclosure of any Designated CONFIDENTIAL Material, or its
6  substance, may constitute contempt of this Court and may subject me to sanctions or
7  other remedies that may be imposed by the Court and potentially liable in a civil
8  action for damages by the disclosing party.

_____